UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SARAH DICKEY, | ) Civil No. 1:18-CV-00920 |
| Plaintiff, | ) |
| v. | ) |
| | ) COMPLAINT and |
| R.R. DONNELLEY & SONS COMPANY, | ) DEMAND FOR JURY TRIAL |
| | ) |
| | ) (FLSA Collective Action) |
| Defendant. | ) |

Plaintiff, Sarah Dickey ("Dickey" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. against Defendant R.R. Donnelley & Sons Company ("R.R. Donnelley" or "Defendant).

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action to redress Defendant's violation of the FLSA by knowingly suffering or permitting Plaintiff and other similarly situated workers (collectively, "Collective Members") to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff and the Collective Members an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Harrisburg, North Carolina.

4. Plaintiff was employed by Defendant from February 2018 until about August 2018.

5. R.R. Donnelley is a foreign business corporation doing business in the Middle District of North Carolina.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7. This Court has personal jurisdiction because Defendant conducts business in Cabarrus County, North Carolina, which is located within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Cabarrus County, North Carolina.

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

14. R.R. Donnelley employed Plaintiff and the Collective Members to work onsite in Mooresville, North Carolina for R.R. Donnelley's client, Lowe's Corporation.

15. Plaintiff and the Collective Members were paid an hourly rate of pay.

16. As hourly employees, Plaintiff and the Collective Members were nonexempt employees within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

3

17. R.R. Donnelley employed Plaintiff and the Collective Members as hourly nonexempt employees during the FLSA's two-year statutory period preceding the filing of this complaint.

18. Plaintiff and the Collective Members regularly worked in excess of 40 hours during the majority of the workweeks they were employed by R.R. Donnelley as hourly employees.

19. During the period February 2018 through August 2018, Plaintiff estimates she worked between 45 hours per week and 70 hours per week, depending on workload requirements.

20. Plaintiff and the Collective Members were required to record forty (40) hours on their time cards, regardless of the number of overtime hours worked.

21. Plaintiff and the Collective Members were only paid for forty (40) hours per week, regardless of the number of overtime hours worked.

22. Plaintiff estimates that for the period February 2018 through August 2018, she is owed approximately 250 hours of unpaid overtime.

23. Defendant failed to pay Plaintiff one and one-half times her regular rate of pay for all overtime hours she worked.

24. Defendant had knowledge that Plaintiff and the Collective Members performed work in excess of forty hours without being paid overtime as required by the FLSA. Specifically, Plaintiff was in regular contact with R.R. Donnelley Regional Operations Manager Timothy Manteau, who tracked the number of actual hours worked

by Plaintiff and the Collective Members compared to the number of hours they were paid. Some of these discussions were memorialized in email communications.

25. Defendant did not accurately track and record the hours worked by Plaintiff and the Collective Members for payroll purposes.

26. Defendant willfully failed to pay Plaintiff and the Collective Members the overtime premium required by the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

28. Plaintiff brings this action under the FLSA on behalf of all individuals who worked for R.R. Donnelley as hourly employees at Lowe's Corporation in Mooresville, North Carolina during the time period February 2018 through present who were not paid overtime compensation for time worked in excess of forty (40) hours in a given workweek.

29. Plaintiff and the Collective Members are similarly situated because:

   a. Defendant employed Plaintiff and the Collective Members as hourly employees at Lowe's Corporation in Mooresville, North Carolina;

b. Defendant required Plaintiff and the Collective Members to record only 40 hours per week on their timesheets, regardless of the number of hours worked;

c. Defendant did not pay Plaintiff and the Collective Members premium overtime pay for hours worked in excess of 40 each workweek;

d. Plaintiff and the Collective Members were subject to the same unlawful compensation policies and practices;

e. Plaintiff and the Collective Members worked in excess of 40 hours per week; and

f. Defendant maintained a common timekeeping and payroll system with respect to Plaintiff and the Members of the Collective.

30. Defendant encouraged, suffered, and/or permitted Plaintiff and members of the FLSA Collective to work more than 40 hours per week without proper overtime compensation.

31. Defendant knew or should have known that Plaintiff and the Collective Members performed work that required additional overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiff and the Collective Members of their earned overtime compensation.

**(Violation of FLSA – Overtime)**

32. Plaintiff incorporates by reference paragraph 1-32 of her Complaint.

33. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff and the Collective Members.

34. Defendant violated the FLSA by failing to pay Plaintiff and the Collective Members an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

35. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

36. Defendant' violation of the FLSA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who opt-in to this lawsuit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who opt-in to this lawsuit);

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276

/s/ Craig L. Leis
Craig L. Leis, NCSB #48582

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
E-Mail: phil@gibbonsleis.com
craig@gibbonsleis.com