IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:18-cv-00920-UA-LPA

| | |
|---|---|
| SARAH DICKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| R.R. DONNELLEY & SONS COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Defendant R.R. Donnelley & Sons Company ("R.R. Donnelly" or "Defendant"), by and through its counsel, and files this Answer to Plaintiff's Complaint and Demand for Jury Trial.

## NATURE OF PLAINTIFF'S CLAIMS

With regard to the specific allegations contained in Plaintiff's Complaint and Demand for Jury Trial, Defendant responds as follows:

1. Plaintiff brings this action to redress Defendant's violation of the FLSA by knowingly suffering or permitting Plaintiff and other similarly situated workers (collectively, "Collective Members") to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours.

**Answer:** **Defendant admits that Plaintiff brings this action under the FLSA and that Plaintiff did not receive additional compensation beyond her fixed compensation, but denies that any workers are similarly situated, and denies the remaining allegations in ¶1.**

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff and the Collective Members an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

**Answer:** **Defendant admits that Plaintiff, who was engaged to work through a staffing agency, was not paid an overtime premium rate for all hours worked in excess of forty, denies the existence of "similarly situated" workers and thus the allegations related to them, and further denies the remaining allegations in ¶2.**

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Harrisburg, North Carolina.

**Answer:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's current residence.**

4. Plaintiff was employed by Defendant from February 2018 until about August 2018.

**Answer:** **Defendant admits that Plaintiff performed services for Defendant through a staffing agency from approximately February 2018 to August 2018, but denies the remaining allegations in ¶4.**

5. R.R. Donnelley is a foreign business corporation doing business in the Middle District of North Carolina.

**Answer: Defendant admits that R.R. Donnelley is incorporated in Delaware with its headquarters in Illinois and that it does business in the Middle District of North Carolina.**

## JURISDICTION AND VENUE

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Cabarrus County, North Carolina.

**Answer: Defendant admits that it has business contacts in the district but denies any unlawful acts occurred in Cabarrus County, North Carolina.**

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**Answer: Defendant admits the allegations in ¶9.**

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

**Answer: Defendant admits the allegations in ¶10.**

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had

3

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

**Answer: Defendant admits the allegations in ¶11.**

12. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**Answer: Defendant admits that Plaintiff performed services for Defendant through a staffing entity during the time period of February 2018 to August 2018 and was "an employee" under the FLSA, but denies she was Defendant's employee and denies that she was entitled to any overtime.**

13. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**Answer: Defendant admits that Plaintiff was an individual employee engaged in commerce during the time period February 2018 to August 2018 but denies that she was Defendant's employee during this time, as she performed services through a staffing entity.**

## PLAINTIFF'S FACTUAL ALLEGATIONS

14. R.R. Donnelley employed Plaintiff and the Collective Members to work onsite in Mooresville, North Carolina for R.R. Donnelley's client, Lowe's Corporation.

4

**Answer:** **Defendant admits that starting in February 2018, Plaintiff was engaged through a staffing entity to work on site at Lowe's Corporation's headquarters in Mooresville, NC. Defendant further admits that it engaged other individuals through a staffing entity at this same work site during February 2018 to August 2018. Defendant denies the remaining allegations in ¶14.**

15. Plaintiff and the Collective Members were paid an hourly rate of pay.

**Answer:** **Defendant admits that Plaintiff's fixed compensation was broken down into an hourly rate for billing purposes with the staffing entity through which she was engaged. Defendant denies the existence of "similarly situated" Collective Members and further denies the remaining allegations in ¶15.**

16. As hourly employees, Plaintiff and the Collective Members were nonexempt employees within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

**Answer:** **Defendant denies the allegations in ¶16.**

17. R.R. Donnelley employed Plaintiff and the Collective Members as hourly nonexempt employees during the FLSA's two-year statutory period preceding the filing of this complaint.

**Answer:** **Defendant admits that it engaged Plaintiff through a staffing entity within the last two years but denies the remaining allegations in ¶17.**

18. Plaintiff and the Collective Members regularly worked in excess of 40 hours during the majority of the workweeks they were employed by R.R. Donnelley as hourly employees.

**Answer: Defendant admits that Plaintiff exceeded 40 hours of work in certain workweeks while engaged through a staffing entity for Defendant, denies the existence of "similarly situated" Collective Members and therefore denies any allegations relating to them and further denies the remaining allegations in ¶18.**

19. During the period February 2018 through August 2018, Plaintiff estimates she worked between 45 hours per week and 70 hours per week, depending on workload requirements.

**Answer: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the number of hours that "Plaintiff estimates she worked" during February and August 2018, but admits that her workload would vary.**

20. Plaintiff and the Collective Members were required to record forty (40) hours on their time cards, regardless of the number of overtime hours worked.

**Answer: Defendant admits that Plaintiff generally recorded 40 hours per week on her staffing entity timecard to receive her fixed compensation, regardless of the number of hours she actually worked. Defendant denies the existence of "similarly situated" Collective Members, and therefore denies the allegations relating to them.**

21. Plaintiff and the Collective Members were only paid for forty (40) hours per week, regardless of the number of overtime hours worked.

**Answer: Defendant admits that Plaintiff received her fixed compensation regardless of the actual hours she worked per week. Defendant denies the existence of "similarly situated" Collective Members, and therefore denies the allegations relating to them.**

22. Plaintiff estimates that for the period February 2018 through August 2018, she is owed approximately 250 hours of unpaid overtime.

**Answer: Defendant lacks knowledge or information sufficient to form a belief as to the number of hours that "Plaintiff estimates" she worked from February through August 2018. Defendant denies that Plaintiff is "owed" unpaid overtime.**

23. Defendant failed to pay Plaintiff one and one-half times her regular rate of pay for all overtime hours she worked.

**Answer: Defendant admits that Plaintiff was not paid 1.5 times the regular rate of pay for all hours worked in excess of forty, but denies any legal requirement to pay Plaintiff overtime given her job duties and fixed compensation.**

24. Defendant had knowledge that Plaintiff and the Collective Members performed work in excess of forty hours without being paid overtime as required by the FLSA. Specifically, Plaintiff was in regular contact with R.R. Donnelley Regional Operations Manager Timothy Manteau, who tracked the number of actual hours worked

7

by Plaintiff and the Collective Members compared to the number of hours they were paid. Some of these discussions were memorialized in email communications.

**Answer: Defendant admits that it was aware during certain work weeks that Plaintiff was exceeding 40 hours of work per week while engaged through a staffing entity. Defendant further admits that Plaintiff was in contact with Mr. Manteau, and, that on one occasion, Plaintiff sent him a communication relating to the hours worked by her and several other individuals working at the Lowe's site. Defendant denies the remaining allegations in ¶24.**

25. Defendant did not accurately track and record the hours worked by Plaintiff and the Collective Members for payroll purposes.

**Answer: Defendant admits that Plaintiff did not clock in and out via a timekeeping system and that she generally recorded 40 hours per week on her handwritten timecards for the staffing entity. Defendant denies the existence of "similarly situated" Collective Members and therefore denies the allegations relating to them. Defendant denies the remaining allegations in ¶25.**

26. Defendant willfully failed to pay Plaintiff and the Collective Members the overtime premium required by the FLSA.

**Answer: Defendant admits that Plaintiff was not paid an overtime premium but denies any obligation to pay her an overtime premium and denies the remaining allegations in ¶26.**

8

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

**Answer:  Defendant admits that Plaintiff purports to bring this action as a purported collective action under the FLSA, but denies that this matter should proceed on a collective basis and further denies the remaining allegations in ¶27.**

28. Plaintiff brings this action under the FLSA on behalf of all individuals who worked for R.R. Donnelley as hourly employees at Lowe's Corporation in Mooresville, North Carolina during the time period February 2018 through present who were not paid overtime compensation for time worked in excess of forty (40) hours in a given workweek.

**Answer:  Defendant admits that Plaintiff seeks to bring this action under the FLSA on behalf of a purported collective of individuals as set forth above, but denies that this matter should proceed on a collective basis and further denies the remaining allegations in ¶28.**

29. Plaintiff and the Collective Members are similarly situated because:

a. Defendant employed Plaintiff and the Collective Members as hourly employees at Lowe's Corporation in Mooresville, North Carolina;

b. Defendant required Plaintiff and the Collective Members to record only 40 hours per week on their timesheets, regardless of the number of hours worked;

c. Defendant did not pay Plaintiff and the Collective Members premium overtime pay for hours worked in excess of 40 each workweek;

d. Plaintiff and the Collective Members were subject to the same unlawful compensation policies and practices;

e. Plaintiff and the Collective Members worked in excess of 40 hours per week; and

f. Defendant maintained a common timekeeping and payroll system with respect to Plaintiff and the Members of the Collective.

**Answer: Plaintiff's allegations that the purported Collective Members are "similarly situated" is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits: (i) R.R. Donnelly engaged Plaintiff and a limited number of other individuals at Lowe's Corporation in Mooresville, NC through a staffing entity; (ii) Plaintiff and a limited number of other individuals submitted timesheets with 40 hours per week to the staffing entity for billing purposes; and (iii) during a certain period of time in 2018, Plaintiff and these other individuals engaged at Lowe's received fixed compensation not dependent upon hours worked and did not receive premium overtime compensation for hours worked in excess of forty. Defendant denies the remaining allegations in ¶29.**

30. Defendant encouraged, suffered, and/or permitted Plaintiff and members of the FLSA Collective to work more than 40 hours per week without proper overtime compensation.

**Answer: Defendant admits that Plaintiff did not receive overtime compensation for hours worked in excess of forty per week but denies the remaining allegations of ¶30.**

31. Defendant knew or should have known that Plaintiff and the Collective Members performed work that required additional overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiff and the Collective Members of their earned overtime compensation.

**Answer: Defendant denies the allegations in ¶31.**

### (Violation of FLSA — Overtime)

32. Plaintiff incorporates by reference paragraph 1-32 of her Complaint.

**Answer: Defendant incorporates its responses to paragraphs 1-32 of the Complaint as if fully set forth herein.**

33. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff and the Collective Members.

**Answer: Defendant denies the allegations in ¶33.**

34. Defendant violated the FLSA by failing to pay Plaintiff and the Collective Members an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

**Answer: Defendant denies the allegations in ¶34.**

35. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

**Answer: Defendant denies the allegations in ¶35.**

36. Defendant' violation of the FLSA was willful.

**Answer: Defendant denies the allegations in ¶36.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who opt-in to this lawsuit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who opt-in to this lawsuit);

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post judgment interest at the highest rates allowed by law; and

**Answer:** **Defendant admits that Plaintiff seeks the relief set forth in Prayer for Relief, but denies the sought relief or any other relief in this action to Plaintiff or those she alleges are "similarly situated" is warranted.**

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

**Answer:** **Defendant admits that Plaintiff seeks a jury trial.**

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby submits its Affirmative and Other Defenses to the Complaint filed by Plaintiff. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's claims (and those of any purported Collective she seeks to represent) for overtime compensation are barred under the FLSA because she was an exempt employee pursuant to the administrative exemption, the executive exemption and/or the combination exemption.

2. Plaintiff lacks standing to pursue the claims she has asserted on a collective basis because she is not similarly situated to other putative members of the collective action.

3. Defendant has acted in good faith in complying with all applicable provisions of the FLSA, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of such laws.

4. To the extent Plaintiff and others allegedly similarly situated are entitled to damages, which Defendant denies, Defendant is entitled to a credit for or set-off against amounts overpaid to them and to a credit for overtime and other premium payments made to them in the course of their employment.

5. Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment. Plaintiff was already properly compensated for all time worked.

6. Plaintiff and others allegedly similarly situated are not entitled to compensation for time they purportedly worked without Defendant's actual or constructive knowledge.

7. To the extent Plaintiff or any individual she alleges is similarly situated is entitled to any damages, the existence of which Defendant expressly denies, Plaintiff and/or any purported similarly situated individual(s) are only eligible to receive "half-time" damages for hours worked in excess of forty because they were paid fixed salaried compensation for all hours worked, including those above 40 in a workweek.

8. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other

14

defenses available.  Defendant reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

Dated this is the 11th day of March, 2019.

Respectfully submitted,

/s/Michael D. Ray
Michael D. Ray (N.C. Bar 52947)
Elizabeth Gift (N.C. Bar 44331)
OGLETREE DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: michael.ray@ogletree.com
E-mail: elizabeth.gift@ogletree.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, Michael D. Ray, hereby certify that I have this day electronically filed the foregoing **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following persons:

Philip J. Gibbons, Jr.
Craig L. Leis
Gibbson Leis, PLLC
14045 Ballantyne Corporate Place
Suite 325
Charlotte, NC 28277

Dated this the 11th day of March, 2019.

/s/Michael D. Ray
N.C. Bar No. 52947
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, North Carolina 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: michael.ray@ogletree.com